**Wesley Laurence THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00480 CR.**

Court of Appeals of Texas, Dallas.

March 30, 1982.
Discretionary Review Refused
July 7, 1982.

James M. Murphy, Dallas, for appellant.

Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and WHITHAM, JJ.

AKIN, Justice.

Defendant appeals from his conviction for unlawful possession of a controlled substance, cocaine, for which punishment was assessed at three years. In his sole point of error, defendant contends that the cocaine was discovered pursuant to an unlawful search and seizure. Because we hold that the evidence was discovered pursuant to a lawful investigation, we affirm.

At 10:30 p. m. on October 23, 1979, two Dallas police officers observed two cars parked next to a private club which was closed at that time. The cars were parked next to each other without their engines

running or their lights on. The driver's door of one car was open. The officers pulled up and stopped their vehicle in front of the car in which defendant was sitting. As the officers approached the car, they could smell the odor of marijuana. The officers shined their flashlights inside the car. They observed three persons in the car, including the defendant in the driver's seat, and a white powdery substance and a razor blade on the console between the two front seats. The officers testified that they believed the white substance to be cocaine. They placed the three persons under arrest and seized the substance, which was later identified as cocaine.

■ Defendant argues that the investigatory detention began when the police officers stopped their car, thus blocking the exit of the parked car in which defendant was sitting. Consequently, he contends that at that time the officers had no articulable reasons for making the stop. We do not agree. In the law of search and seizure, the term "stop" does not mean "halt," but refers to a type of temporary detention for investigation. Whenever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person. Whether the person was moving or standing still when the police officer accosts him does not matter; what matters is that the person was then restrained in his freedom to move. Thus, when a person is sitting in a parked car and a police officer orders him to roll down the window or to open the door, there is at that point a temporary seizure. *Ebarb v. State*, 598 S.W.2d 842, 849–50 (Tex.Cr.App.1980). *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Smith*, 137 Ga.App. 101, 223 S.E.2d 30 (1975).

In *Merideth v. State*, 603 S.W.2d 872 (Tex.Cr.App.1980), Merideth and a female were observed seated in a pickup truck parked in a parking lot late at night. The police officer approached the vehicle and knocked on the driver's door. When Merideth opened the door, the officer detected the odor of marijuana and observed a smoky haze and a hand-rolled cigarette butt in the ashtray. The Court of Criminal Appeals held that this was not an investigative stop within the meaning of *Terry v. Ohio* and that the officer was in a location where he had a legal right to be and he observed the marijuana in plain view. Thus, the court concluded that there was not search and seizure until after the marijuana was detected. 603 S.W.2d at 873.

In *Stewart v. State*, 603 S.W.2d 861 (Tex. Cr.App.1980), police officers observed a van parked at the end of a dead end street in front of a house under construction. The officers approached the van, shined their spotlights into the van and saw four people inside. As the officers approached the van, a man got out of the van and when he did so, the officers smelled the odor of marijuana. After a consensual search of the van, the officers found a knapsack underneath the van which contained marijuana. The Court of Criminal Appeals held that there was no intrusion on the appellant's expectation of privacy and that the police exercised no authority until after they had smelled the marijuana. The mere approach of the police, furthermore, interfered with no one's freedom of movement; caused minimal inconvenience and loss of time; and did not constitute an unconstitutional search and seizure. 603 S.W.2d at 862. *See Isam v. State*, 582 S.W.2d 441 (Tex.Cr.App.1979); *Imhoff v. State*, 494 S.W.2d 919 (Tex.Cr. App.1973).

■ In this case, like *Merideth* and *Stewart*, the officers were in a location where they had a legal right to be and did not exercise any authority until after they had detected the odor of marijuana. The investigatory detention did not begin when the police officers stopped their car, but began after they smelled the marijuana and placed defendant under arrest. Until the officers approached the car, the defendant's freedom of movement was not significantly restrained, and thus, there was no investigatory detention. Once the officers detected the odor of marijuana, however, they had sufficient facts to justify the detention of defendant. Since the cocaine seized was in plain view as a result of the investigato-

ry detention, it was not illegally seized and its admission into evidence at defendant's trial was proper.

Defendant relies upon *Ceniceros v. State*, 551 S.W.2d 50 (Tex.Cr.App.1977), to argue that the investigatory stop began when the officers pulled up and stopped. In *Ceniceros* the police officer approached four men standing together on a sidewalk in a residential area of El Paso at 10:20 a. m. The officer approached the men and requested identification from them. While producing identification, Ceniceros dropped a piece of tin foil from his wallet. The officer picked up the foil, opened it, and found heroin. In reversing Ceniceros' conviction, the Court of Criminal Appeals held that an officer may initiate an investigatory stop only if the officer can give a specific reasonable inference which he is entitled to draw from the facts in light of his experience. 551 S.W.2d at 55. Defendant misreads *Ceniceros*, which stands for the limited proposition that a police officer must have specific articulable facts before he may make an investigatory stop. The investigatory stop began in *Ceniceros* when the officer sought identification from Ceniceros, and the justification did not arise until after the stop had commenced, while, in this case, the investigatory stop began after the officers smelled the odor of marijuana and, thus, sufficient articulable facts were present to justify the stop. Consequently, the trial court did not err in admitting the cocaine into evidence.

Affirmed.