**Lloyd B. ZELIP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–101–CR.**

Court of Appeals of Texas, Waco.

Nov. 30, 1983.

Discretionary Review Refused April 11, 1984.

Fred M. Bosse, Junck & Bosse, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin Hartmann, Luis Vallejo, Asst. Dist. Atty., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from conviction for possession of a controlled substance, tetrahydrocannabinol (weighing less than 28 grams), for which he was assessed 5 years, probated. Prior to trial, a hearing was held on defendant's motion to suppress evidence, which motion was overruled. Defendant and the State then entered into a stipulation of evidence upon which the trial was held.

Defendant appeals asserting the trial court erred in overruling defendant's motion to suppress evidence because:

(1) The seizure of contraband from him resulted from an unlawful stop and detention; and

(2) The seizure of contraband from him resulted from an unwarranted and unlawful frisk or pat-down.

Ground 1 asserts the seizure of contraband (tetrahydrocannabinol and marihuana) resulted from unlawful stop and detention.

A police officer may, in appropriate circumstances, approach a person for purpose of investigating possible criminal behavior even though there is not probable cause to make an arrest; and the totality of the circumstances surrounding the incident are looked to in determining whether the police conduct was reasonable. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889; *Shaffer v. State*, Tex.Cr.App., 562 S.W.2d 853. A series of acts, each innocent in itself, but which taken together, may warrant further investigation. *Terry v. Ohio*, supra. The stop and detention, or "seizure", is justified if the police officer is able to point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant that intrusion. *Schwartz v. State*, Tex.Cr.App., 635 S.W.2d 545; *Ebarb v. State*, Tex.Cr.App., 598 S.W.2d 842. And there must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication the activity is related to crime. *Shaffer v. State*, supra.

Officer Campos, a detective with the Sheriff's Department, was hired to provide security for an office building complex. The employer told Campos there had been a rash of burglaries and criminal mischief, and also, that no one was to be in the building after hours; but there would be a few cars in the adjacent parking area since some employees shared rides and would leave their cars overnight. There were 3 or 4 cars on the lot that evening. Campos at about 8:15 P.M. on February 24, 1982, spotted defendant wandering in the rear of the empty office building. Next, defendant stopped and looked into 2 of the cars. Then he approached the rear door to the building and tried to gain entry into the building. After observing defendant for 3 or 4 minutes the officer saw defendant circle around toward the front of the building. At this point Campos approached defendant because he suspected a burglary

was about to occur. Campos had specific observations and articulable facts prior to approaching defendant.

Defendant asserts his activity was consistent with innocent activity. Each act in itself may arguably have been innocent, but Campos observed defendant go through a series of acts which, taken together, warranted further investigation. See *Terry v. Ohio*, supra.

We think Officer Campos' "stop and detention" of defendant was lawful and that the evidence obtained was properly admitted.

Ground 1 is overruled.

Ground 2 asserts the seizure of contraband resulted from an unlawful frisk or pat-down.

After Officer Campos stopped defendant he frisked him and found the contraband.

 In a stop and frisk situation it is the officer's safety which provides justification for a pat-down search. *Duncan v. State*, Tex.Cr.App., 549 S.W.2d 730. And where an officer is entitled to stop a suspect, and has reason to believe the suspect is armed and dangerous, the officer may conduct a pat-down search for weapons. *Wood v. State*, Tex.Cr.App., 515 S.W.2d 300; *Terry v. Ohio*, supra. A pat-down search for weapons must be based on a reasonable belief from articulable facts and circumstances that the suspect has on his person a weapon, *Christian v. State*, Tex. Cr.App., 592 S.W.2d 625, cert. denied, 446 U.S. 984, 100 S.Ct. 2966, 64 L.Ed.2d 841, and whether the officer has reason to believe he may be in danger is based on the "totality" of the circumstances. *Wimberly v. State*, Tex.Cr.App., 434 S.W.2d 857.

Officer Campos had reason to believe defendant was armed. He already suspected defendant of burglary. The area was dark, nobody had any business in the area, and it appeared defendant wanted to break in. Officer Campos testified defendant "resisted, he was scuffling with me" and for "my safety I handcuffed him". When he touched defendant's pocket he felt what he believed to be a knife. It was

a straight narrow object 6 inches long. It was not until he pulled it out he discovered it was an unusual smoking pipe that smelled of marihuana. At this point Campos placed defendant under arrest and continued to search for drugs which he found. The frisk or pat-down of defendant was lawful and the drugs seized as a result were admissible.

Ground 2 is overruled.

AFFIRMED.