**Jesse Salvador LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–087CR.**

Court of Appeals of Texas,
Houston (14th Dist.)

Oct. 11, 1984.

Clyde Woody, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, SEARS and SHARPE, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a conviction for the offense of possession of a controlled substance (methamphetamine). The appellant waived trial by jury. In defense he relied upon a motion to suppress evidence on the ground that the arresting officer had no authority to make the initial investigatory stop that resulted in arrest and subsequent discovery of the contraband. The motion to suppress was carried forward, heard during the trial and denied. The trial court found appellant guilty, assessed a three-year sentence, probated for three years. We hold that the trial court correctly denied the motion to suppress and accordingly affirm the judgment.

The only witness at the trial was Officer Clement Abbondandolo. He testified that at approximately 5:45 a.m. he was patrolling a "high-crime area" in a marked police car. He observed appellant nervously pacing back and forth in front of a motel. The officer drove alongside and from his police car window asked "if everything was okay." Appellant answered that "he wasn't involved; he had nothing to do with it." Officer Abbondandolo next asked appellant, who was then standing over the patrol car, whether he had a weapon. Appellant answered that he had a gun. Then the officer exited his car, noticed a bulge in appellant's vest pocket, felt the vest and pulled a pistol out of the pocket. Appellant was arrested and during a body search incident to arrest the officer found the methamphetamine.

In his first ground of error, appellant contends that evidence resulting from the arrest should have been suppressed because there was no probable cause for the initial investigative stop. The argument fails because no probable cause was necessary to justify Officer Abbondandolo's opening question.

Fourth Amendment jurisprudence now recognizes three categories of police-citizen encounters. The first, and least intrusive, can be called "mere contact." It occurs when an officer approaches an individual on the street or in another public place to ask questions. *See Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236 (1983) (plurality opinion). The Fourth Amendment is not applicable because the officer has not significantly interfered with the citizen's liberty interests.

The next category of contact is known as a *Terry*-type investigative stop. A stop occurs when an officer detains an individual by exerting official authority such that a reasonable person would believe he is not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497, 509 (1980) (plurality opinion). This type seizure is reasonable as long as the officer can demonstrate articulable suspicion that a crime has occurred or is about to occur. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Probable cause is a requisite only to an arrest.

We find that the initial inquiry, "if everything was okay," did not amount to an investigative stop.

The cases cited by appellant, *Rodriguez v. State*, 578 S.W.2d 419 (Tex.Crim.App. 1979) and *Ceniceros v. State*, 551 S.W.2d 50 (Tex.Crim.App.1977), are factually similar to the situation at bar. But these decisions are not the latest word from the court of criminal appeals on the distinction

between mere contact and an investigative stop.

An officer can approach an occupied motor vehicle and knock on the window without effecting a "stop." *Merideth v. State*, 603 S.W.2d 872 (Tex.Crim.App. 1980); *see also Stewart v. State*, 603 S.W.2d 861 (Tex.Crim.App.1980); *Isam v. State*, 582 S.W.2d 441 (Tex.Crim.App.1979); and *Thomas v. State*, 633 S.W.2d 334 (Tex. App.—Dallas 1982, pet. ref'd). No detention occurs when an officer approaches a suspect in a bar and asks him to step outside to talk as long as the suspect goes along voluntarily and not in submission to a show of force or authority which leaves him no choice. *Galitz v. State*, 617 S.W.2d 949, 957 (Tex.Crim.App.1981). An officer can even knock politely on a closed apartment door without impinging on any constitutional rights. *Rodriguez v. State*, 653 S.W.2d 305 (Tex.Crim.App.1983) (en banc). Surely appellant was not "stopped" when Officer Abbondandolo drove up to ask him a question.

Although the subjective thoughts of the officer are not controlling on the matter, *Martinez v. State*, 635 S.W.2d 629 (Tex.App.—Austin 1982, pet. ref'd), Officer Abbondandolo testified that had appellant walked away instead of answering, there could be no justification for detaining him. Instead, appellant answered with a nonsensical answer that indicated that some criminal activity had occurred. At that moment Officer Abbondandolo had articulable suspicion to justify a *Terry*-type detention. He was in a high-crime area; it was dark; appellant was nervously pacing back and forth; and the officer had just heard a statement that would reasonably lead him to believe a crime had occurred and needed to be investigated. Asking appellant whether he had a weapon was a reasonable precaution. Under *Terry*, the officer could have gotten out and executed a pat-down search without further questioning. *See Ramirez v. State*, 672 S.W.2d 480 (Tex. Crim.App.1984) (en banc) and *Zelip v. State*, 669 S.W.2d 125, 127 (Tex.App.— Waco 1983, pet. ref'd). Once the gun was recovered, probable cause to arrest was evident and a search incident to arrest proper. We overrule the first ground of error.

The appellant's second ground of error is without merit and is overruled. He claims that his Constitutional rights were violated because Officer Abbondandolo did not give a *Miranda* warning when he pulled up to question appellant. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) requires warnings only when a custodial interrogation occurs. *See United States v. Woods*, 720 F.2d 1022 (9th Cir.1983); *United States v. Collom*, 614 F.2d 624 (9th Cir.1979), *cert. denied*, 446 U.S. 923, 100 S.Ct. 1862, 64 L.Ed.2d 278 (1980).

In his third ground of error appellant complains that the evidence is insufficient to sustain conviction because the record lacks proof that the substance recovered in the search was methamphetamine. A stipulation as to a chemical analysis of the substance is missing from the record. The statement of facts clearly shows that a stipulation was introduced into evidence and accepted by the court as State's "Exhibit 1." Copies of exhibits on file are to be made part of the record without special request by a party. Tex. Code Crim.Proc. Ann. art. 40.09 § 1 (Vernon Supp.1984). We hold that the appellant waived any complaint when he failed to object to the record before it was approved by the court. Tex.Code Crim.Proc. Ann. art. 40.09 § 7 (Vernon Supp.1984). It has been repeatedly held that a party cannot raise issues of insufficiency of evidence when no, or only a partial, statement of facts has been included in the record. *Beck v. State*, 583 S.W.2d 338 (Tex.Crim.App.1979); *Daughtrey v. State*, 544 S.W.2d 158 (Tex. Crim.App.1976); *Goodings v. State*, 500 S.W.2d 173 (Tex.Crim.App.1973); *Martinets v. State*, 493 S.W.2d 923 (Tex.Crim.App. 1973). The same should be true when exhibits are missing. *See Benton v. State*, 168 Tex.Crim. 367, 328 S.W.2d 302 (1959). The third ground of error is overruled.

The judgment of the trial court is affirmed.