**Edward SMITH, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–0847–CR.**

Court of Appeals of Texas,
Houston (14 Dist.).

July 3, 1991.

Discretionary Review Refused
Oct. 30, 1991.

Joseph Lobley, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Following the trial court's denial of his pre-trial motion to suppress, appellant entered a plea of guilty to the charge of possession of cocaine weighing less than twenty-eight grams. The trial court found appellant guilty and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years. On appeal, appellant complains that the trial court erred in denying his motion to suppress. We affirm.

In his sole point of error, appellant asserts that the trial court erred in denying his pre-trial motion to suppress evidence of his possession of a controlled substance since the evidence was obtained as a result of his illegal detention. The trial court conducted a hearing to determine the issue of the legality of appellant's initial detention and subsequent arrest. A recitation of the testimony adduced at that hearing is in order.

Officer T.A. Britt, a seventeen year veteran of the Houston Police Department, testified for the State. In the early morning hours of May 18, 1990, Officer Britt and his partner, Officer Stanley Holmes, were on routine patrol in the Acres Homes subdivision, a predominantly poor, high crime area in Houston. At approximately 2:00 a.m., the officers noticed a 1981 Oldsmobile Cutlass parked in a moving lane of traffic. The car's hood was up and the engine and lights were turned off. The appellant was sitting in the driver's seat of the vehicle and another unidentified man appeared to be working under the hood. The car had not been reported stolen. However, because of the isolated area, the time of the day, the absence of car lights, and the fact that numerous stolen cars of

the same make and model are recovered in the same area, the officers remained suspicious that the car was stolen. In order to determine whether the car was being stripped, the officers stopped their patrol car and approached the scene.

Officer Britt approached the appellant on the driver's side as Officer Holmes approached the front of the car. Under the hood, Officer Holmes observed two batteries and an unusual array of non-factory wiring. For their own safety, the officers ordered appellant's companion to lie down on the ground. At the same time, appellant was ordered to place his hands upon the steering wheel. After several orders, appellant reluctantly complied. Officer Britt then turned his attention to the car's engine compartment to determine whether the car was actually being stripped. As he did so, Officer Holmes reported that appellant had removed one of his hands off the steering wheel and placed something between the seats of the car. Being concerned for their safety, Officer Britt wanted the appellant to be away from whatever he was concealing in the vehicle. Appellant was then ordered out of the car and told to lie down on the ground.

Officer Britt conducted a "pat down" of the appellant and found an automatic pistol in one of his pockets. Appellant was then placed under arrest for carrying a concealed weapon. Thereafter, Officer Britt searched the vehicle and found a film cannister between the seats. At this point, appellant jumped up and ran into the nearby woods. Appellant was apprehended after a short chase. Officer Britt then opened the film cannister and discovered 1.4 grams of crack cocaine.

■ Appellant first argues that when he was ordered to place his hands upon the car's steering wheel, he was arrested without probable cause. Appellant's contention is without merit. It is well established that an officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. An occupant of an automobile is just as subject to a brief detention as is a pedestrian.

*Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App. 1983). Circumstances short of probable cause for an arrest may justify temporary detention for the purpose of investigation since an investigation is considered to be a lesser intrusion upon the personal security of the individual. *E.g., Gearing v. State*, 685 S.W.2d 326, 328 (Tex.Crim.App.1985). As a part of this temporary detention, an officer may ask that an individual step out of his automobile. *See Gearing*, 685 S.W.2d at 329; *Johnson*, 658 S.W.2d at 626. Certainly an officer's request that an individual keep his hands in view by placing them upon the steering wheel is of a less intrusive nature. Officer Britt's order that appellant place his hands upon the steering wheel amounted to no more than a temporary detention for investigative purposes.

■ Appellant next argues that if the order to place his hands upon the steering wheel was no more than a temporary detention, it was accomplished without probable cause. We disagree. Probable cause is not required to justify a temporary investigative stop. *See, e.g., Lopez v. State*, 681 S.W.2d 788, 790 (Tex.App.—Houston [14th Dist.] 1984, no pet.). In order to justify such a stop, the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *Comer v. State*, 754 S.W.2d 656, 657 (Tex.Crim.App.1986). These specific articulable facts must create in the officer's mind a reasonable suspicion that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. *E.g., Comer*, 754 S.W.2d at 657. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App.1978).

Here, appellant was observed sitting in an automobile parked on a dark and isolated road. The encounter occurred in the early morning hours in a high crime area known for the recovery of numerous stolen vehicles, many of which were of the same make and model as the one observed. The automobile's engine and lights were turned off. A second individual was doing something under the hood. Under the hood the officers observed the presence of two batteries and an unusual array of non-factory wiring. Based upon these facts, the officers were suspicious that the appellant and his companion were stripping a stolen vehicle. Because we find these specific articulable facts sufficient to constitute reasonable suspicion, we hold that the investigative stop of appellant was justified.

 Appellant further argues that when he was ordered to get out of the car and lie on the ground, he was arrested without probable cause. We cannot agree. During the course of a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted for his safety or the safety of others. *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909; *Ramirez v. State*, 672 S.W.2d 480, 482 (Tex.Crim.App.1984). Here, appellant reluctantly placed his hands on the steering wheel after repeated instructions to do so. Then, as soon as Officer Britt turned his attention to the hood area of the car, appellant removed his hand from the wheel and concealed something between the seats. Officer Britt testified that he wanted appellant to be away from whatever he was concealing in the vehicle as he was not sure that it was not a weapon. For his own safety, Officer Britt ordered appellant out of the car and on to the ground for a "pat down" weapons search. Under the facts of this case, the limited search for weapons was justified. Furthermore, we cannot agree with appellant's assertion that Officer Britt's order that he lie on the ground transformed an otherwise legitimate search for weapons into a full blown arrest. Appellant had clearly displayed an uncooperative demean-

or and, at the first opportunity, concealed something inside the automobile. Moreover, Officer Holmes was occupied with the other suspect at the time. Under these circumstances, Officer Britt was justified in conducting the weapons search away from the automobile and in a manner which would most safely neutralize the possible threat of harm.

 Once the weapon was found, Officer Britt was justified in arresting the appellant. *See* TEX.CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977); *Ramirez*, 672 S.W.2d at 482. Consequently, Officer Britt's search of the vehicle incident to that arrest was proper. *See, e.g., Walker v. State*, 555 S.W.2d 454, 455–56 (Tex.Crim. App.1977); *Lopez*, 681 S.W.2d at 791. Appellant's point of error is overruled.

The judgment of conviction is affirmed.