Ramirez 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON REMAND


 




NO. 3-90-106-CR




TOMAS RAMIREZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY



NO. 329,646, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING



 





 On May 15, 1991, this court affirmed appellant Tomas Ramirez's conviction for
the offense of driving while intoxicated. Appellant pled nolo contendre pursuant to a plea-bargain
agreement but asserted on appeal that his pretrial motion to suppress evidence had been
erroneously denied. Our affirmance was based upon the belief that appellant's plea of no contest
precluded his appeal from all but jurisdictional errors. See Helms v. State, 484 S.W.2d 925 (Tex.
Cr. App. 1972). We acknowledged that Tex. R. App. P. 40(b)(1) works an exception to the
Helms rule but understood that rule to apply only to felony prosecutions. See Tex. R. App. P.
Ann. 40(b)(1) (Pamph. 1992). Finally, we held that even were Rule 40(b)(1) to apply to
misdemeanor prosecutions, appellant had failed to comply with the rule's notice requirements and
thus was still precluded from an appeal.

 On Petition for Discretionary Review, the Court of Criminal Appeals reversed this
court's decision and remanded for consideration of appellant's points of error. In its per curiam
opinion, the court stated that a timely notice of appeal bestows jurisdiction upon an appellate court
to consider all errors or defects in a misdemeanor case. Further, citing to Lemmons v. State, 818
S.W.2d 58 (Tex. Crim. App. 1991), the court indicated that Rule 40(b)(1) does not so much
"bestow" any right of appeal, but rather focuses upon "how" an appeal is perfected, and
interpreted the rule's notice requirements to apply only to felonies. In light of these
developments, we now review the merits of Ramirez's appeal.



THE CONTROVERSY


 On October 29, 1989, Paul St. Louis was the victim of a hit-and-run accident. Mr.
St. Louis was riding a motorcycle westbound on a major thoroughfare when a vehicle proceeded
illegally through an intersection, crossing directly in front of him. Unable to avoid a collision,
St. Louis struck the vehicle near its rear tire and bumper and was sent flying through the air. The
police were summoned to the scene to investigate. While one policeman investigated the accident,
Officer Wayne Vincent directed traffic. While still at the accident scene, St. Louis noticed a car
passing by that resembled the automobile that had caused his collision and pointed out the vehicle
to Officer Vincent. Officer Vincent immediately jumped into his patrol car and followed the
suspect automobile. When Vincent finally stopped the car, Ramirez staggered out of his car and
asked why he had been stopped. 

 Officer Vincent noticed that Ramirez smelled of alcohol, his eyes were bloodshot,
his speech slurred, and his balance unsteady. When Ramirez was unsuccessful in performing field
sobriety tests, Officer Vincent arrested him for driving while intoxicated. Ramirez's pretrial
motion to suppress any evidence arising as a result of the investigatory stop was denied and he
pled no contest pursuant to a plea agreement. 

 On appeal, Ramirez alleges that (1) the initial investigative stop leading to his arrest
was illegal because the police lacked specific, articulable facts sufficient to warrant a stop, and
(2) there were no exigent circumstances to justify the stop without an arrest or search warrant. 
We reject both arguments.



ANALYSIS


 Appellant characterizes Officer Vincent's initial stop of his automobile as an
investigative stop. In his first point of error, he argues that the officer lacked specific, articulable
facts sufficient to justify such a stop and that, as a result, evidence of his insobriety arising from
the stop should be suppressed. 

 A Terry-type (1) investigative stop occurs "when an officer detains an individual by
exerting official authority such that a reasonable person would believe he is not free to leave." 
Lopez v. State, 681 S.W.2d 788, 790 (Tex. App. 1984, no pet.) (citing United States v.
Mendenhall, 446 U.S. 544, 554 (1980)). An occupant of an automobile is just as subject to a
brief detention as is a pedestrian. Smith v. State, 813 S.W.2d 599, 601 (Tex. App. 1991, pet.
ref'd); Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983). To justify a Terry stop,
the authorities must first have specific, articulable facts giving rise to a suspicion sufficient to
warrant an intrusion. Le Flore v. State, 819 S.W.2d 665, 667 (Tex. App. 1991, no pet. h.);
Johnson, 658 S.W.2d at 626. We believe that Officer Johnson possessed the requisite facts giving
rise to such a suspicion.

 Here the accident victim pointed to appellant's vehicle only minutes after the
collision and told the investigating officer that this car looked like the vehicle that caused the
collision. The officer pursued the vehicle, without losing sight of it, and pulled it over to
investigate its possible involvement in the collision. The victim's identification of the "similar
vehicle" was clearly articulated to Officer Vincent. Under these circumstances, the officer's stop
was a reasonable attempt to maintain the status quo while obtaining more information about the
hit-and-run accident. See Smith, 813 S.W.2d at 601; Johnson, 658 S.W.2d at 626; see also 3
Wayne R. LaFave, Search and Seizure § 9.3(d)(6), at 474 (2d ed. 1987) (characterizing as
permissible those investigative stops based upon previous descriptions of persons or cars). Thus,
we overrule appellant's first point of error.

 In his second point of error, Ramirez complains that no exigent circumstances
justified the failure to procure an arrest warrant. Exigent circumstances alone do not constitute
the sole exception to the general requirement that an arrest be made pursuant to a warrant. A
police officer may arrest an offender without a warrant for any offense committed in his presence
or within his view. Tex. Code Crim. Proc. Ann. art. 14.01(b) (1977). "[I]f, while questioning
a motorist about the operation of his vehicle, an officer sees evidence of a criminal violation in
open view, or in some other manner acquires probable cause on a more serious charge, he may
arrest for that offense." See Razo v. State, 577 S.W.2d 710, 711 (Tex. Cr. App. 1979) (emphasis
in original). Officer Vincent testified that appellant slurred his speech, smelled of alcohol, and
was unsteady in his balance. These observations were sufficient to establish probable cause to
arrest appellant for the offense of driving while intoxicated. Miffleton v. State, 728 S.W.2d 880,
883 (Tex. App. 1987), aff'd, 777 S.W.2d 76 (Tex. Crim. App. 1989). We overrule appellant's
second point of error and affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: March 4, 1992

[Do Not Publish]
1.   See Terry v. Ohio, 392 U.S. 1 (1968).