**John Calvert CHAMPENOIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–93–00292–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1994.

Evelyn Graham Rodriguez, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Asst. Dist. Atty., for appellee.

Before OLIVER–PARROT, C.J., HUTSON–DUNN and MIRABAL, JJ.

## OPINION

HUTSON–DUNN, Justice.

After trial to the court, appellant, John Calvert Champenois, was convicted of possession of cocaine. The court found an enhancement allegation to be true and sentenced appellant to 16 years confinement. We affirm.

In his first and third points of error, appellant complains that the trial court erred by denying his motion to suppress evidence seized as a result of an illegal search following his warrantless arrest.

On August 19, 1992, several officers of the Pasadena Police Department were conducting an investigation of certain unnamed individuals who were selling illegal narcotics at different locations in Houston. Officer L.J. Stone testified that he set up surveillance on these individuals and followed them to the grocery store parking lot where this incident began. Officer Stone testified that this location was just one of many locations that he and his officers would periodically check to see if potential drug customers were waiting near the pay phones.

These individuals pulled into the parking lot and parked next to a truck in which appellant and the driver of the truck, Mack Vance, were sitting. Officer Stone testified

that Mack Vance got into the car with these individuals and left appellant waiting in the truck. Vance and the other individuals drove to another location while Officer Stone followed. Within five minutes, they returned to the grocery store parking lot, and Vance got back into the truck with appellant.

Vance and appellant then left the parking lot and headed back toward Pasadena. Officer Stone testified that he radioed ahead and had a marked police car pull the vehicle over so that he might conduct an investigation. The marked patrol unit pulled the vehicle over on a freeway overpass. When Officer Stone arrived on the scene shortly after the vehicle was pulled over, he approached the driver, Mack Vance. Upon doing so, he noticed that the vehicle had an expired inspection sticker, and Vance was placed under arrest for that offense.

After Vance was removed to the patrol unit, Officer Stone asked appellant to step out of the vehicle for safety reasons. Officer Stone testified that he was standing between the vehicle and the guardrail of the overpass, and he was concerned that he might be knocked off the freeway if the appellant decided to open the door abruptly.

Officer Stone then informed appellant that he was not under arrest. Nevertheless, he read appellant his *Miranda*[1] rights. The officer testified that it was a common practice to read people their rights before asking them any questions.

Officer Stone asked appellant if he minded if he searched him. Appellant testified that he replied, "Sure, I consent to search." Officer Stone then conducted a pat down search but found no weapons or contraband. While Officer Stone and appellant were talking, one of the officers from the marked patrol unit gave Officer Stone some information that made him think that appellant might be hiding something. Therefore, Officer Stone asked appellant if he could search him again. Appellant consented and began to unbutton his pants. Officer Stone told appellant it was unnecessary to remove his pants, apparently because it was in broad daylight on a busy freeway, but asked appellant to remove his

shoes. Officer Stone testified that appellant kicked his right shoe off, reached down and grabbed it, turned it upside down, and banged it on the rail of the overpass. Appellant testified that he did not bang the shoe on the freeway rail, but merely banged his shoes together.

Officer Stone stated that when appellant banged the shoe on the freeway rail, he saw a white package fall from the shoe to the freeway below. Officer Donnie King was working an off-duty job near the scene and was standing below watching the events on the overpass. When Officer Stone saw the package fall he yelled at Officer King to retrieve it. Officer King retrieved the package, which proved to contain the cocaine which became the subject of the motion to suppress.

Appellant's version of the events of August 19, 1992, differs in some respects up until the time the vehicle he was riding in was stopped, but his version of the events after the stop basically matches that of Officer Stone. For purposes of completeness, we will give a brief recitation of appellant's version of the events leading up to the initial stop of the vehicle.

Appellant testified that on the date in question he met with Mack Vance to discuss remodeling Vance's kitchen. Vance asked appellant to accompany him to the store to discuss the remodeling on the way. Vance went into the store while appellant waited in the truck. While waiting for Vance, appellant walked over and inspected a van that was for sale. When Vance returned, appellant and Vance got into the truck and left. On the way back to Vance's house, two Hispanic men in a small car honked their horn at the truck. Vance stopped the truck for a few minutes and talked to the two men. Vance then returned to the truck, and he and appellant continued on toward Vance's home. Soon thereafter the truck was pulled over by the Pasadena police, and the events described earlier occurred.

■■■ The trial court is the sole fact finder at a hearing on a motion to suppress evidence and may choose to believe or disbe-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

lieve any or all of the witnesses' testimony. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex.Crim. App.1991); *Johnson v. State*, 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Because the trial court is the sole fact finder at the suppression hearing, we are not at liberty to disturb any finding that is supported by the record. *Johnson,* 803 S.W.2d at 287; *Harris v. State*, 827 S.W.2d 49, 50 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ Appellant contends that he was "arrested" when he was asked to step out of the vehicle, and that the searches incident to such a warrantless arrest were unconstitutional. The State responds that it made a valid investigatory stop, and that appellant consented to the searches performed after that stop was made. We agree with the State.

■ It is well settled that a police officer may temporarily detain a person for purposes of investigating possible criminal behavior even though there is no probable cause for arrest. *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1972). Occupants of automobiles are as subject to a brief detention as are pedestrians. *Gearing v. State*, 685 S.W.2d 326, 328 (Tex. Crim.App.1985); *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Crim.App.1983). To justify such a detention, the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Daniels v. State,* 718 S.W.2d 702, 705 (Tex.Crim.App.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986). There must be a reasonable suspicion that some activity out of the ordinary has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. *Id.; Gearing,* 685 S.W.2d at 328.

Appellant and his companion, Mack Vance, were parked in an area of the grocery store parking lot near the pay phones. This area was known by the officers to be frequented by potential drug buyers. A vehicle of individuals, who were under surveillance by the police officer for selling drugs, pulled up next to the vehicle in which appellant was sitting. In fact, the officers had previously made a narcotics purchase from these same individuals. Appellant's companion got into this car with the suspected drug dealers and drove away. He returned less than five minutes later. The police officer testified that based on his prior experience with these suspected drug dealers, their modus operandi was to meet their customers at a pay phone, drive a couple of blocks away, conduct their business, and return. Therefore, based on his experience as an undercover narcotics officer, and his personal knowledge of these suspected drug dealers, Officer Stone formed a reasonable suspicion that a narcotics sale had occurred. Therefore, the officer was justified in stopping Vance's vehicle in order to conduct a further investigation.

■ Appellant does not appear to contest the validity of the initial stop of the vehicle; he argues that the officer had no right to ask him to get out of the car. The United States Supreme Court has held that once a vehicle has been lawfully stopped, an officer may request an occupant to step out of the vehicle without violating the fourth amendment. *Pennsylvania v. Mimms,* 434 U.S. 106, 109–111, 98 S.Ct. 330, 332, 333, 54 L.Ed.2d 331 (1977). In so holding, the Court noted that 30 percent of police shootings occur when a police officer approaches a suspect in an automobile, and that a face-to-face confrontation would reduce the likelihood that the officer would be the victim of an assault. "What is at most a mere inconvenience cannot prevail when balanced against legitimate concerns for the officer's safety." 434 U.S. at 111, 98 S.Ct. at 333.

We also note that in this case, in addition to the inherent risk of assault that an officer faces whenever he approaches an individual in a vehicle, there was the additional concern about Officer Stone's safety because he was standing near the guardrail of an overpass. *Mimms* also recognizes the danger that an officer may face from moving traffic by standing next to a vehicle and conversing

with an occupant inside the vehicle. *Mimms,* 434 U.S. at 111, 98 S.Ct. at 333.

Texas courts have also held that as a part of a temporary detention, a police officer may ask that an individual step out of his automobile. *See Gearing,* 685 S.W.2d at 329; *Smith v. State,* 813 S.W.2d 599, 601 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd). Therefore, we find that appellant was not "arrested" when Officer Stone asked him to step out of the car. Such action was taken so that the officer could safely conduct his investigation after the vehicle had been lawfully detained.

■■■■ Because we have determined that appellant was not arrested at the time he was asked to step out of the car, we must next decide whether the searches of his person were lawful. The question of whether consent to a search is voluntary or was the product of duress or coercion, is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047–48, 36 L.Ed.2d 854 (1973); *Johnson,* 803 S.W.2d at 286. Consent must not be physically or psychologically coerced, and cannot be established by showing no more than acquiescence to a claim of lawful authority. *Johnson,* 803 S.W.2d at 287. Because the trial court is the sole fact finder at a suppression hearing and may choose to believe or disbelieve any or all of the witnesses' testimony, where the record supports a finding that consent was free and voluntary, this Court will not disturb that finding. *Id.*

In this case, the record supports a finding that appellant's consent to be searched was freely and voluntarily given. After appellant was asked to step out of the car, Officer Stone asked him if he would consent to be searched. Appellant replied, "Sure, I consent to search," and Officer Stone conducted a pat-down search. However, we need not be concerned with this first search because it turned up no contraband or other evidence.

After Officer Stone became suspicious that appellant might be hiding something, he once again asked appellant if he would consent to a search. Officer Stone testified that appellant again gave his verbal consent, and began to unbutton his pants before the officer could stop him. Officer Stone told appellant that he didn't need to remove his pants, but asked him to kick off his shoes. Without voicing any objections, appellant began to remove his shoes. Appellant admitted that the officers at the scene asked his permission before conducting the search; he also admitted that he gave his assent. He further testified that the officers never drew their weapons or threatened him in any way. Based on these facts, the finder of fact could have reasonably determined that appellant's consent to be searched was voluntarily given.

Because we find that appellant was lawfully detained for the purpose of conducting a brief investigation, and voluntarily agreed to be searched, we hold that the trial court committed no error by overruling appellant's motion to suppress the evidence seized as a result of that search.

Appellant's first and third points of error are overruled.

■■■■ In his second point of error, appellant contends that he received ineffective assistance of counsel because his trial counsel, who also serves as his appellate counsel, failed to object to the admissibility of the cocaine that was seized after appellant was searched. After the State moved to introduce the cocaine into evidence, appellant's trial counsel replied, "no objection." However, she immediately noted that she had a motion to suppress pending regarding that evidence. In fact, the motion to suppress was argued to the court after both sides had completed putting on their evidence. Therefore, we find that appellant's counsel successfully made her objection known to the court, even though the objection was not very artfully made. Furthermore, because we have determined that the evidence was properly admitted, we must conclude that appellant did not receive ineffective assistance of counsel. The failure to object to admissible evidence does not constitute ineffective assistance of counsel. *McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.