Affirmed and Memorandum Opinion filed April 8, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00253-CR

___________________

 

Kevin Ndifon Herd, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 182nd District Court

Harris County,
Texas



Trial Court Cause No. 1192275

 



 

 

MEMORANDUM  OPINION

            Appellant
Kevin Ndifon Herd was arrested and convicted of possession of less than one
gram of cocaine.  He moved to suppress the physical evidence on the grounds
that the officer who searched and arrested him did not suspect criminal
activity when he initially approached appellant as he stood on a street
corner.  Because a police officer need not suspect criminal activity before
approaching a person in a public place, we affirm the trial court’s judgment. 

 

 

I.  Factual and Procedural Background

            At approximately 8:20 p.m. on November
18, 2008, Houston police officer Nadeem Ashraf was patrolling his assigned beat
in a marked patrol car when he observed appellant standing near a gas station
driveway and “just constantly” looking left and right.  Ashraf drove past
appellant and watched him for a while, then entered the gas station driveway,
parked near appellant, and approached him from behind.  Ashraf later testified
that when appellant saw the police car, appellant “immediately put both of his
hands inside of his pants.”  Ashraf observed appellant moving his hands inside
of his pants, and because the gas station was located in “a high crime, high
narcotic area” in which two aggravated robberies recently had taken place, the
officer was concerned that appellant was attempting to conceal something or to
retrieve a weapon.  Ashraf approached to within approximately one foot of
appellant and asked where he lived, and although appellant answered, he kept
his back to the officer and his hands in his pants.  Ashraf then asked if
appellant had anything in his possession, and appellant said he did not.  According
to Ashraf, he told appellant several times to remove his hands from his pants
before appellant complied.  Ashraf then instructed appellant to put his hands
on the patrol car.  As Ashraf performed a “pat down” search, he saw a small bag
containing a white substance fall from the left side of appellant’s pants.  Officer
Chris Huhn, who arrived on the scene during the search, collected the bag and
field-tested its contents.  The substance tested positive for the presence of cocaine,
and appellant was arrested.  

            Appellant
was subsequently indicted for possession of less than one gram of cocaine.  He
moved to suppress all evidence obtained from his detention and search on the
grounds that such evidence was obtained through an unlawful search and
seizure.  The trial court denied the motion, and the jury found him guilty as
charged.  Based upon a plea of true to a previous conviction, appellant was
sentenced to seven years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.

 

II.  Issue Presented

            In the sole
issue presented in this appeal, appellant contends that the trial court erred
in denying his motion to suppress evidence because Ashraf lacked reasonable
suspicion to detain him.

III.  Standard of Review

            We apply a bifurcated standard of review
to a trial court’s ruling on a motion to suppress evidence.  Amador v. State,
221 S.W.3d 666, 673 (Tex. Crim. App. 2007).  We afford almost total deference
to the trial court’s determination of the historical facts supported by the
record, as well as to mixed questions of law and fact if the resolution of such
questions requires the evaluation of a witness’s credibility and demeanor.  Id.
 We review de novo questions of law and mixed questions of law and fact that
are not based on an evaluation of credibility and demeanor.  Id.  

IV.  Analysis

            Appellant’s arguments are based on the
assumption that he was detained at the moment that Ashraf parked near him.  Appellant
does not contend that Ashraf lacked reasonable suspicion for a search when
appellant put his hands in his pants upon sighting a police officer and
answered questions while continuing to keep his back to the officer; to the
contrary, appellant asserts that “[t]he initial stop by Officer Ashraf is the
key – not when he started ordering Mr. Herd to comply with his requests.”  He argues
that Ashraf “had no reason to come upon Mr. Herd who was standing at a gas
station and looking around” and “[m]erely standing at a gas station and looking
up and down the street was not sufficient cause for Officer Ashraf to even
approach Mr. Herd, let alone search him.”  

            But not every encounter between a citizen
and a police officer implicates the protections of the Fourth Amendment.  State
v. Garcia-Cantu, 253 S.W.3d 236, 242 (Tex. Crim. App. 2008).  Mere contact
without detention does not violate the Constitution.  Herrera v. State,
665 S.W.2d 497, 502 (Tex. App.—Amarillo 1983, pet. ref’d).  A detention occurs
only “when the officer, by means of physical force or show of authority, has in
some way restrained the liberty of a citizen.”  Terry v. Ohio, 392 U.S.
1, 19 n.16, 88 S. Ct. 1868, 1879 n.16, 20 L. Ed. 2d 889 (1968).  If a
reasonable person would feel free to terminate the encounter then no detention
has occurred.  United States v. Drayton, 536 U.S. 194, 202, 122 S. Ct.
2105, 2110, 153 L. Ed. 2d 242 (2002).  

            Moreover, it is well-established that police
officers may approach individuals in public places and ask them questions
without reasonable suspicion to do so.  Id. at 200–01, 122 S. Ct. 2105,
2110; Garcia v. State, 704 S.W.2d 512, 516 (Tex. App.—Houston [14th
Dist.] 1986, pet. ref’d).  In particular, a police officer may drive a patrol
car alongside a person standing outside in a public place and ask questions of
that person even though the officer does not suspect that criminal activity has
occurred or is about to occur.  Lopez v. State, 681 S.W.2d 788, 790
(Tex. App.—Houston [14th Dist.] 1984, no pet.) (explaining that the defendant,
who was pacing outside a motel, was not detained when an officer drove his
patrol car alongside the defendant and asked him questions).  

            Because Ashraf did not detain appellant
merely by parking near him and approaching him, the reasonable-suspicion
requirement does not apply.  Appellant does not contend that Ashraf lacked
reasonable suspicion for a search when appellant put his hands in his pants
upon sighting a police officer and answered questions while continuing to keep
his back to the officer.  We therefore overrule appellant’s sole issue on
appeal and affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).