Cathy Lynn WARDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00048–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 16, 1994.

Decided Dec. 12, 1994.

Rehearing Overruled March 14, 1995.

Dan Cogdell, Boyd & Cogdell, W.B. "Bennie" House, Jr., Houston, for appellant.

John B. Holmes, Dist. Atty., Kim Stelter, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Cathy Warden appeals her conviction for possession of a controlled substance. She contends that the trial court erred in overruling her motion to suppress evidence obtained through a search. Warden contends that the evidence was seized as the result of an illegal arrest and that the evidence was inadmissible under the United States and Texas Constitutions.[1]

Warden was convicted of the offense of possession of cocaine. After the court denied her motion to suppress, she pleaded guilty pursuant to a plea bargain.

The evidence as shown by affidavit indicates that Warden and a male friend were sitting in an automobile, at night, in an uncompleted subdivision in Houston. Although the streets were finished, apparently no houses had been constructed in that area. The arresting officer, Deputy Sheriff Ellington, stated that the area was used for drag races and as a dumping place for stolen or abandoned cars. When Officer Ellington approached the automobile, he asked them what they were doing, to which they responded that they were watching the tornadoes. Warden's affidavit indicates that she rolled down her window at his request, but

---

1. Although Warden has complained of both federal and state constitutional violations, she has offered no argument or authority as to how Texas constitutional protections differ from those guaranteed by the United States Constitution. Thus, it is proper for this Court to decline to pursue those arguments for her and address them together. *Johnson v. State*, 853 S.W.2d 527, 533 (Tex.Crim.App.1992); *Santikos v. State*, 836 S.W.2d 631, 632 n. 1 (Tex.Crim.App.), *cert. denied*, 506 U.S. ——, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992); *Heitman v. State*, 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App.1991).

the Ellington's affidavit does not indicate that he made such a request. Ellington noticed that there were beer cans inside and around the car and that both Warden and her companion had slurred speech and breath that smelled of alcohol. Warden told Ellington that she intended to drive back home. At that time, Ellington decided to arrest them for public intoxication. After the arrest, he inventoried their car, finding a number of crack pipes inside a nylon bag. In a search incident to arrest, he also discover-. ed rocks of crack cocaine and a tissue that she had been holding with cocaine residue on it.

■ In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Daniels v. State*, 718 S.W.2d 702, 702 (Tex.Crim.App.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986). The trial judge is entitled to believe or disbelieve any or all of a witness's testimony, and the appellate court is not at liberty to disturb any finding supported by the record. *Rivera v. State*, 808 S.W.2d 80, 96 (Tex.Crim.App.), *cert. denied*, 502 U.S. 902, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991). Absent an abuse of discretion, the trial court's findings will not be disturbed on appeal. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App.1986).[2]

■ Warden contends that the searches were subject to an illegal detention and must be suppressed. The first question is whether or when a detention occurred. Warden argues that she was detained when Officer Ellington walked up to her car and began to question her. She contends that there was no reasonable suspicion, and thus her detention was illegal and the evidence obtained following the detention must be suppressed.

■ Not every encounter between law enforcement personnel and citizens invokes the protection of the Fourth Amendment. *Daniels*, 718 S.W.2d at 704. Law enforcement officers do not violate the Fourth Amendment when they merely approach a citizen in public and ask if he is willing to answer some questions or by putting questions to him if the person is willing to listen. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). The appropriate inquiry in determining whether there was a detention is whether, under the circumstances, a reasonable person would feel free to ignore the police presence and go about his business. *Florida v. Bostik*, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *Mitchell v. State*, 831 S.W.2d 829, 832 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Without more, the fact that an officer identifies himself as a police officer during the questioning does not convert the encounter into a seizure requiring some level of objective justification. *Royer*, 460 U.S. at 497, 103 S.Ct. at 1323–24.

A similar situation occurred in *Barnes v. State*, 870 S.W.2d 74 (Tex.App.—Houston

---

2. This case was submitted on the transcript. Counsel requested that a statement of facts be prepared from the hearing on her motion to suppress. However, in response to letters from this Court concerning the late filing of a statement of facts, a secretary to Warden's attorney wrote a letter to this Court which reads as follows:

Per our conversation of this date regarding the Motion for Extension of Time to File the Statement of Facts with reference to the above-captioned matter, please be advised that this Extension should be disregarded due to the fact that the court reporter, Julia Johnson, did not transcribe anything. Per my conversation with Ms. Johnson on this date, she informed me that there was only a Plea (sic) was made in this matter and that she was not required to prepare a statement.

The rule in Texas is that when an appellant, through no fault of his own or counsel's, is deprived of a part of a statement of facts which he diligently requested, the appellate court cannot affirm the conviction. *Emery v. State*, 800 S.W.2d 530, 533 (Tex.Crim.App.1990); *Ortiz v. State*, 862 S.W.2d 170, 173 (Tex.App.—San Antonio 1993, no pet.). In such a situation, the appellate rules further provide that an appellant is entitled to a new trial under specified circumstances in the absence of a statement of facts. Tex.R.App.P. 50(e). However, counsel has not complained of the court reporter's failure to provide a statement of facts. He has also provided no record that would reveal that a court reporter was present or that any record was made of the proceeding. It is also not apparent that an evidentiary hearing took place at all. The trial court's docket sheet indicates that the court heard the motion to suppress on the affidavits and on argument by counsel.

[1st Dist.] 1993, pet. ref'd). As in this case, the police officer approached the appellant and his companion in a public place while they were sitting in a car by the roadside. In *Barnes*, as in this case, there is no indication that the police car was parked in such a way as to prevent the individuals from leaving if they had so desired, and the questions that were asked, i.e., what are you doing, did not convert the encounter into a seizure. In this case, there is no indication that Officer Ellington ordered Warden to talk or that she only spoke to him because she felt that she had to. It appears that the trial court in the present case, as did the court in *Barnes*, concluded that there was no seizure or detention until the officer placed the driver under arrest and asked the driver to step out of the car.

■ Warden also suggests that a stop occurred because Ellington ordered her to roll down the window. When a person is sitting in a parked car and a police officer orders him or her to roll down the window or to open the door, there is at that point a temporary seizure for investigative detention—a stop. *Ebarb v. State*, 598 S.W.2d 842, 850 (Tex.Crim.App. [Panel op.] 1979). However, an officer may approach an occupied motor vehicle and knock on the window without effecting a stop. *Merideth v. State*, 603 S.W.2d 872, 873 (Tex.Crim.App. [Panel Op.] 1980); *Lopez v. State*, 681 S.W.2d 788, 791 (Tex.App.—Houston [14th Dist.] 1984, no pet.). In this case, Warden's affidavit stated that Ellington requested that she roll down the window. Ellington's affidavit does not indicate that it was necessary to roll down the window in order to engage in conversation. We have reviewed the evidence in the light most favorable to the trial court's ruling and find that it did not abuse its discretion in making this finding.

■ The evidence of her slurred speech and the presence of discarded beer cans provided the officers with reason to believe that Warden was publicly intoxicated, and her statement to him that she planned to drive home in such a state places her squarely within Tex.Penal Code Ann. § 42.08(a):[3]

An individual commits an offense [of public intoxication] if the individual appears in a public place under the influence of alcohol or any other substance, to the degree that the individual may endanger himself or another.

The evidence shows that probable cause existed for the arrest. Officer Ellington properly conducted the search incident to arrest which resulted in the recovery of the crack cocaine and the cocaine-saturated tissue. The trial court did not abuse its discretion by refusing to suppress this evidence.

The evidence obtained through the inventory search of her automobile has the potential of presenting a very different problem. The Court of Criminal Appeals has recently recognized that the Fourth Amendment of the United States Constitution allows an inventory search of closed containers without regard to reasonableness. However, the Court has held that under Article I, Section 9 of Texas Constitution it is improper to presume the search of a closed container to be reasonable simply because an officer followed established departmental policy. In this respect, the Court held that the state constitution provides more protection than its federal counterpart. *Autran v. State*, 887 S.W.2d 31 (Tex.Crim.App.1994).

Warden has not, however, complained on appeal that the inventory search was unlawful. The basis of her complaint is her contention that Officer Ellington detained Warden when he began to ask her questions. As previously discussed, her contention that asking questions of a person in a public place was equivalent to a detention is not supported by the case law, and the detention actually occurred when Ellington arrested Warden and her companion. Any issue concerning the propriety of the inventory search has not been raised on appeal, and the record does not show that the issue was preserved by raising the issue for the trial court's consideration.

The judgment of the trial court is affirmed.

---

**3.** Repealed by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3678, current version found at Tex.Penal Code Ann. § 49.02 (Vernon 1994).