TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00160-CV







In the Matter of G. L. V.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,429, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM


 Appellant G. L. V., a juvenile, pled true to an allegation that he intentionally and
knowingly operated a motor-propelled vehicle without the owner's effective consent. See Tex.
Penal Code § 31.07 (West 1994). The trial court found that appellant had engaged in delinquent
conduct and rendered a disposition order placing appellant on probation for a minimum of one
year. Tex. Fam. Code Ann. §§ 51.03, 54.04 (West 1986 & Supp. 1996). Appellant challenges
the adjudication of delinquency, claiming that the trial court erred in denying his pretrial motion
to suppress evidence. We will affirm the trial court's order.



Facts


 While driving on Route 2222 shortly after 2:00 a.m. on November 9, 1994, Austin
Police Officer Michael Barger observed two cars in the back parking lot of a church on Aurora
Drive. The cars were parked side-by-side with the drivers' windows together as if the drivers were conversing. One car was dark; the other showed brake lights. Officer Barger,
curious, turned onto Aurora Drive. A second police car, driven by Officer Russell, followed him. 
Upon the approach of the officers, the two cars left the church parking lot, turned right, and drove
north on Aurora Drive. The officers followed as the two cars entered Aurora Circle and stopped
in the cul-de-sac. The cars parked beside one another with front wheels to the curb.

 The officers paused momentarily to see if anyone in the cars would emerge and go
to one of the houses around the cul-de-sac. When no one moved, the officers entered the cul-de-sac and stopped behind the two cars. The police officers turned on their spot lights and bright
lights but not their overhead revolving lights. Officer Barger's car was parked about one-half a
car length behind the left-hand car, while Officer Russell's car was parked to Barger's right at his
back bumper. The officers got out of their police cars and approached the two cars
simultaneously. Officer Barger approached the car on the left and Officer Russell approached the
car on the right. As Officer Barger approached the driver's side window, he saw that a two- or
three-inch hole had been punched in the steering column of the automobile in order to bypass the
ignition. When he saw the broken steering column, Officer Barger drew his pistol and arrested
the occupants of the car. Officer Barger saw Officer Russell approaching the right-hand car. 
When Officer Russell reached the driver's window, he drew his gun and removed appellant from
the car. 

 By a single point of error, appellant complains that the evidence should have been
suppressed because the initial detention was not based on specific articulable suspicion of criminal
activity.



Analysis


 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject any or all of a
witness's testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. 1980). The record
in this case does not contain the trial court's findings of fact. In the absence of findings of fact,
this Court presumes that the trial court found the facts needed to support its ruling. See State v.
Gunter, 902 S.W.2d 172, 173 (Tex. App.--El Paso 1995, pet. ref'd); State v. Johnson, 896
S.W.2d 277, 280-81 (Tex. App.--Houston [1st Dist.] 1995, pet. granted). We view the evidence
adduced at the hearing on appellant's motion to suppress in the light most favorable to the trial
court's ruling. We must consider the totality of the circumstances in determining whether the trial
court's decision is supported by the record, and will not disturb the trial court's decision absent
a clear abuse of discretion. See Dancy v. State, 728 S.W.2d 772, 777 (Tex. Crim. App. 1987),
cert. denied, 484 U.S. 975 (1987). We uphold the trial court's decision if it is correct on any
theory of law applicable to the case. Romero, 800 S.W.2d at 543; Calloway v. State, 743 S.W.2d
645, 652 (Tex. Crim. App. 1988).

 Not all encounters between police and citizens invoke the protection of the Fourth
Amendment. Florida v. Royer, 460 U.S. 491, 497-98 (1983); Terry v. Ohio, 392 U.S. 1, 19 n.16
(1968); Mitchell v. State, 831 S.W.2d 829, 832 (Tex.App.--Houston [1st Dist.] 1992, pet. ref'd). 
Police officers are as free as any individual to ask questions of fellow citizens. Daniels v. State,
718 S.W.2d 702, 704 (Tex. Crim. App.1986), overruled on other grounds, Juarez v. State, 758
S.W.2d 772, 780 n.3 (Tex. Crim. App. 1988); White v. State, 846 S.W.2d 427, 430 (Tex.
App.--Houston [14th Dist.] 1992, no pet.). Law enforcement officers do not violate the Fourth
Amendment by merely approaching an individual on the street or in some other public place, by
asking whether the person is willing to answer some questions, or by putting questions to the
person if he or she is willing to listen. Royer, 460 U.S. at 497. It is only when police
questioning of a citizen becomes a detention that it must be supported by reasonable suspicion. 
Terry, 392 U.S. at 19 n.16; Mitchell, 831 S.W.2d at 832.

 The issue is at what point appellant was detained. For the purposes of the United
States and the Texas constitutions, a defendant is detained if, from his or her point of view, there
has been such a display of official authority that a reasonable person would have believed that he
or she was not free to leave, and the defendant either voluntarily yields to the officer's show of
authority or is physically forced to yield. California v. Hodari D., 499 U.S. 621, 628 (1991);
Johnson v. State, No. 1340-93, slip op. at 14 (Tex. Crim. App. Nov. 15, 1995) (opinion on
reh'g). When a person's movement is restricted by a factor independent of police conduct, the
appropriate inquiry is whether a reasonable person would feel free to decline the officer's requests
or otherwise terminate the encounter. Florida v. Bostick, 501 U.S. 429, 436 (1991); Warden v.
State, 895 S.W.2d 752, 755 (Tex. App.--Texarkana 1994, pet. ref'd); and see INS v. Delgado, 466
U.S. 210, 218 (1984).

 Appellant claims that he was detained for purposes of the Fourth Amendment when
the police officers positioned their cars close behind his parked car. We disagree. The car in
which appellant sat was stopped when the police car pulled up behind it. The car made no attempt
to back up. Officer Barger testified that, although it would have been impractical, the car could
have maneuvered around the police cars. Any "impracticality" was created by appellant's
independent decision to park at the end of a cul-de-sac. Further, appellant made no attempt to
leave the car, either to approach the police car or to walk away.

 The police cars' revolving lights were not on. The late hour required that the
police officers position their cars close behind the parked cars to allow them to use their spot
lights and bright lights. Lighting the dark area was reasonable both to protect the police officers
and to keep from alarming the people they were approaching. The use of spot lights or bright
lights does not itself trigger Fourth Amendment concerns. Texas v. Brown, 460 U.S. 730, 739-40
(1983).

 We recognize that a detention under the Fourth Amendment may occur when police
approach a stopped vehicle. Ebarb v. State, 598 S.W.2d 842, 850 (Tex. Crim. App. 1980)
(opinion on reh'g); and see Beasley v. State, 674 S.W.2d 762, 766-67 (Tex. Crim. App. 1982). 
We distinguish Ebarb because when the sheriff approached Ebarb's car, he and six or more
officers had surrounded the car and had detained Ebarb's son. Ebarb, 598 S.W.2d at 850. Here,
the officers merely pulled up behind the two cars and approached them. The officers were where
they had a right to be when they spied the broken steering column.

 Neither the officers' positioning of their vehicles nor their use of bright lights
constituted a show of authority indicating that appellant could not terminate the encounter. 
Considering the totality of the circumstances, we conclude that the police officers did not detain
appellant simply by pulling up behind him. See Merideth v. State, 603 S.W.2d 872, 873 (Tex.
Crim. App. 1980); Stewart v. State, 603 S.W.2d 861, 862 (Tex. Crim. App. 1980); Isam v. State,
582 S.W.2d 441, 444 (Tex. Crim. App. 1979).

 Finally, appellant claims to have been detained when Officer Russell drew his gun. 
Assuming that appellant was detained at that point, we conclude that detention was proper because
the officer had reasonable suspicion to detain him by that time. A temporary detention is
appropriate if the officer has specific articulable facts which, in light of his experience and
personal knowledge, would warrant the detention. Anderson v. State, 701 S.W.2d 868, 873 (Tex.
Crim. App. 1985). The articulable facts must create a reasonable suspicion that some activity out
of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the
unusual activity, and some indication that the unusual activity is related to crime. Id. 

 Officer Barger, the only witness at the hearing on the motion to suppress, testified
that Officer Russell's acts in approaching the car and drawing his gun mirrored his own actions. 
Officer Barger also testified that he did not draw his own gun until he saw the broken steering
column in the car on the left. From this, the trial court could have concluded that Officer Russell
drew his gun only after he saw the broken steering column in the car in which appellant sat. The
broken steering column gave the officer reasonable suspicion to believe that the car had been
stolen and that a detention was warranted.

 We overrule appellant's single point of error and affirm the trial-court order.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 17, 1996

Do Not Publish



(opinion on
reh'g). When a person's movement is restricted by a factor independent of police conduct, the
appropriate inquiry is whether a reasonable person would feel free to decline the officer's requests
or otherwise terminate the encounter. Florida v. Bostick, 501 U.S. 429, 436 (1991); Warden v.
State, 895 S.W.2d 752, 755 (Tex. App.--Texarkana 1994, pet. ref'd); and see INS v. Delgado, 466
U.S. 210, 218 (1984).

 Appellant claims that he was detained for purposes of the Fourth Amendment when
the police officers positioned their cars close behind his parked car. We disagree. The car in
which appellant sat was stopped when the police car pulled up behind it. The car made no attempt
to back up. Officer Barger testified that, although it would have been impractical, the car could
have maneuvered around the police cars. Any "impracticality" was created by appellant's
independent decision to park at the end of a cul-de-sac. Further, appellant made no attempt to
leave the car, either to approach the police car or to walk away.

 The police cars' revolving lights were not on. The late hour required that the
police officers position their cars close behind the parked cars to allow them to use their spot
lights and bright lights. Lighting the dark area was reasonable both to protect the police officers
and to keep from alarming the people they were approaching. The use of spot lights or bright
lights does not itself trigger Fourth Amendment concerns. Texas v. Brown, 460 U.S. 730, 739-40
(1983).

 We recognize that a detention under the Fourth Amendment may occur when police
approach a stopped vehicle. Ebarb v. State, 598 S.W.2d 842, 850 (Tex. Crim. App. 1980)