In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00436-CR

____________


RITO REYES PENA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 33,578





O P I N I O N


 After his pretrial suppression motion was denied, appellant entered a negotiated
guilty plea to possession of less than one gram of cocaine. The trial judge assessed
punishment at two years in state jail, probated for four years, and a $100 fine. We
affirm.

Discussion


 In a single issue, appellant claims the trial judge erred in not suppressing the
cocaine because the arresting officer allegedly lacked reasonable suspicion to justify
an investigative detention. The State responds that this was an encounter, not a
detention. We follow the usual standard of review for denial of this type of
suppression motion. Guzman v. State, 955 S.W.2d 85, 87-89 (Tex. Crim. App. 1997).

 Fort Bend County Sheriff's Deputy St. Hilaire was the only witness at the
suppression hearing. At about 11:30 on July 10, 2000, Deputy St. Hilaire was
patrolling a business area. He had patrolled the same area for about three years. The
deputy saw a pick-up truck parked at an angle in the driveway of one of the
businesses, blocking the business's rear entrance. The deputy knew that the business
was closed, no one lived there, and appellant did not own the business. That
particular location had a history of problems, such as illegal dumping, drug
trafficking, prostitution, "dropp[ing]" of stolen vehicles, and burglaries of the
business premises. Deputy St. Hilaire found the truck's presence "odd" because the
business's vehicles had never been parked in that spot before, and he suspected the
truck might be stolen or abandoned. The deputy had no idea whether the truck was
occupied. 


 Deputy St. Hilaire notified the dispatcher he would "investigate" the truck
because it could have been "in the middle of some sort of criminal activity" or
"abandoned" and was "in a suspicious area due to the problems we have had." The
deputy parked his patrol car behind the truck in the driveway because it was the safest
place for the deputy to park. The deputy testified that the truck could have been
maneuvered to exit around the deputy's car. However, the deputy also testified that
(1) if anyone was in the truck (although the deputy did not then see anyone), that
person would not have been free to leave and (2) the deputy would have stopped the
truck, had anyone tried to drive it away. Nothing shows the deputy conveyed his
subjective intent by actions or words.

 When he approached the driver's side door, the deputy saw appellant, the
truck's sole occupant, whom the deputy recognized, sitting inside with keys in the
ignition. Until that point, the deputy did not know the truck was occupied. The
deputy did not see appellant doing anything illegal or unusual. The deputy asked
appellant why he was parked there. Appellant said he was waiting for someone who
lived down the street. The deputy found appellant's answer "a little suspicious" and
"shaky."

 The deputy smelled alcohol on appellant's breath when appellant answered the
question. Planning to arrest appellant for public intoxication, the deputy asked
appellant to get out of the truck. The deputy noticed further signs of intoxication
(slurred speech and intoxication) when appellant exited. Deputy St. Hilaire patted
down appellant for weapons, felt something in appellant's front pocket, could not
determine whether the object was a weapon, removed the object, and discovered the
object was a crack pipe. Appellant was then arrested for public intoxication and
possession of drug paraphernalia and placed in the deputy's patrol car.

 While taking an inventory of the vehicle, Deputy St. Hilaire discovered crack
cocaine on the driver's side front floorboard. It is for this cocaine that appellant was
prosecuted.

 Appellant argues that Deputy St. Hilaire lacked reasonable suspicion of
criminal activity when he detained appellant by approaching and speaking to him. (1)

 Not all contact between officers and citizens is a "seizure" under the Fourth
Amendment. See Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997);
Francis v. State, 896 S.W.2d 406, 408 (Tex. App.--Houston [1st Dist.] 1995), pet.
dism'd, 922 S.W.2d 176 (Tex. Crim. App. 1996). "It is now well settled that law
enforcement officers do not violate the Fourth Amendment by merely approaching
an individual in public to ask questions." Francis, 896 S.W.2d at 408-09. To
determine whether an encounter occurred, we ask whether "the police conduct would
have communicated to a reasonable person that the person was not free to decline the
officers' requests or otherwise terminate the encounter." State v. Velasquez, 994
S.W.2d 676, 679 (Tex. Crim. App. 1999). An encounter requires no justification
whatsoever on the officer's part. Francis, 896 S.W.2d at 409.

 The truck was already parked when Deputy St. Hilaire approached it, and the
deputy did not see anyone inside initially. Although the fact is not dispositive,
because the deputy believed the truck was empty when he parked his patrol car, we
note that the deputy testified that the truck was not blocked by his patrol car in the
driveway and could have maneuvered around the patrol car. The deputy merely
walked up to what he thought was an unoccupied, abandoned truck. These facts show
the deputy's approach and initial question were an encounter, not a detention. See
Warden v. State, 895 S.W.2d 752, 753-54, 755 (Tex. App.--Texarkana 1994, pet.
ref'd) (holding encounter, not detention, occurred under following circumstances:
officer approached car parked at night in uncompleted subdivision; drag races
occurred and stolen/abandoned cars were dumped in that subdivision; officer did not
block car with his patrol car; officer asked occupants what they were doing; evidence
in proper light did not show occupants had to unroll window; officer saw signs of
intoxication during conversation; officer had occupants exit and arrested them for
public intoxication; and officer discovered crack cocaine during search incident to
arrest). In any event, given the clearly suspicious circumstances described above, to
approach what was an ostensibly unoccupied truck, and then to ask one question of
the later-discovered driver under facts indicating that only a consensual encounter and
not a detention occurred, is not objectionable.

 Appellant responds that the State conceded in closing argument below that the
deputy's approaching and speaking to appellant was a detention, rather than simply
an encounter, apparently because the deputy subjectively considered the truck, and
any occupants it might have, not to be free to leave. However, an officer's subjective
intent, when not conveyed to the suspect in words or actions, is irrelevant to our
determination. See Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)
(subjective intent irrelevant to reasonable suspicion); cf. Dowthitt v. State, 931
S.W.2d 244, 254 (Tex. Crim. App. 1996) (subjective intent to arrest irrelevant unless
so conveyed). Nothing shows the deputy's subjective intent was conveyed here. 
Appellant cites no authority holding that the State is bound by a prosecutor's
concession on a question of law subject to our de novo review, made during closing
argument when nothing plainly indicates appellant or the judge relied on this
concession. (2)

 We distinguish the cases--holding police contact was an investigative
detention, rather than a mere encounter--on which appellant relies because their facts
differ from those here. (3)

 We overrule the sole issue and affirm the judgment.






 Murry B. Cohen


 Justice


Panel consists of Justices Cohen, Nuchia, and Smith. (4)


Do not publish. Tex. R. App. P. 47.4.
1. Appellant does not contest anything after that initial contact, e.g., the
detention's scope, the deputy's actions after he smelled alcohol, the arrest
itself, or the search of appellant's pocket or car.
2. The prosecutor made the statement after appellant's closing argument, in which
appellant had already argued the contact was an illegal detention, and after all
evidence had been presented. Thus, it is obvious that appellant did not rely on
the concession in deciding how to present his case. Compare Sedani v. State,
848 S.W.2d 314, 319, 320-21 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd)
(op. on reh'g).
3. In Gamble v. State, we held officers' initial contact with a pedestrian was a
detention, not an encounter, "as evidenced by the pat-down search" occurring
before the officers found any evidence of crime. 8 S.W.3d 452, 453-54 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). No pat-down occurred here until the
deputy smelled alcohol on appellant's breath. Also, in Gamble, the officers
approached an individual who was walking on the street, while here, the
deputy approached a parked truck that he first thought was empty or
abandoned. See id. State v. Simmang was a State's appeal from the granting
of a suppression motion, so that all inferences were construed in the order's
(and thus in the defendant's) favor. 945 S.W.2d 219 (Tex. App.--San Antonio
1997, no pet.). The officers in Simmang "blocked in" an occupied, parked car
based on an anonymous tip that gave only general information. Id. at 220-21,
224. Here, the deputy parked behind what he thought was an unoccupied
truck, and, viewed in the proper light, the evidence does not show appellant
was blocked in in any event. Furthermore, the State in Simmang argued that
only a detention, not an encounter, had occurred. Id. at 223. In Gurrola v.
State, upon the officer's investigating an unknown individual's report of a
disturbance at an apartment complex known for disturbances, the investigating
officer saw four people in a heated discussion, they walked away when the
officer asked what was going on, the officer called them back and frisked them,
and the officer found contraband only then. 877 S.W.2d 300, 301 (Tex. Crim.
App. 1994). The detention was the officer's calling the four people back and
patting them down, not his initial question. See id. at 302-03, 305. Here, the
deputy asked appellant a question, nothing shows appellant's response was
involuntary, and only then did the deputy smell alcohol and suspect
intoxication. In Scott v. State, the officers pulled the suspects' car over, then
detained the occupants for 20 to 30 minutes. 549 S.W.2d 170, 170-71 (Tex.
Crim. App. 1976). In Davis v. State, the officer asked to see the defendant's
identification and patted him down before finding a crack pipe. 61 S.W.3d 94,
96 (Tex. App.--Amarillo 2001, no pet.). Here, the truck was already stopped
when the deputy approached, the deputy asked one question, and only when
appellant answered (voluntarily, the judge could have believed) did the deputy
smell alcohol and suspect intoxication.
4. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.