

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00120-CR

_____


MICHAEL CLEVELAND, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34971-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Michael Cleveland entered an open plea of guilty to possession of a controlled substance. On appeal, he complains that the trial court erred by denying his motion to suppress the contraband that was the basis of the prosecution, because it was obtained pursuant to an illegal arrest. Cleveland argues that there was no probable cause to justify arresting him for public intoxication. We disagree and affirm the judgment of the trial court.

## 1. Background Facts

The evidence shows that Cleveland was a passenger in a car stopped by Officer Glenda Merrell of the Kilgore Police Department who was patrolling in an area of the city known for narcotics violations. She stopped the car because it had no license plate. The driver and Cleveland stepped out, and she asked the driver if she could search the car. He assented, and she found various narcotics paraphernalia, including some straws with white residue inside, and some bits and pieces of marihuana scattered about. She arrested the driver and then, based on what she described as Cleveland's "slurred speech, red, bloodshot eyes, and [because he] appeared to be intoxicated," and because he admitted drinking, she arrested him as well.

At that point, Merrell put both the driver and Cleveland in the back seat of her squad car and took them to jail. When she checked the back seat after booking them, she found two small baggies of white powder residue. On playing the videotape (which was running the whole time), although the camera was pointed out the windshield, their conversation was clearly audible, and was explained

2

by Merrell as follows, "You could hear Mr. Cleveland coaching the 18-year-old white male on how to get the substance out of his mouth and hide it in the seat."

**2.     Public Intoxication Elements**

A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another. TEX. PENAL CODE ANN. § 49.02(a) (Vernon Supp. 2007).

In this case, the issue is not whether the evidence is sufficient to uphold a finding that Cleveland was guilty, beyond a reasonable doubt, of the offense of public intoxication, as he was not convicted of that offense. Here, the issue is whether Merrell had probable cause to arrest. Probable cause exists if the officer has reasonably trustworthy information sufficient to warrant a reasonable belief an offense has been or is being committed. *McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003). While probable cause requires more than mere suspicion, it requires far less evidence than the evidence needed to support a conviction. *Middleton v. State*, 125 S.W.3d 450, 460 (Tex. Crim. App. 2003).

**3.     Standard of Review**

In reviewing a warrantless arrest to determine the existence of probable cause, courts should examine the facts known to the officer at the time of the arrest. *Amores v. State*, 816 S.W.2d 407, 415 (Tex. Crim. App. 1991); *Carter v. State*, 150 S.W.3d 230, 240 (Tex. App.—Texarkana 2004, no pet.). Whether probable cause exists is determined by applying the "totality of the circumstances"

3

test. *Amores*, 816 S.W.2d at 413. The State bears the burden to prove the existence of probable cause to justify a warrantless arrest or search. *Id.* An officer has probable cause to make an arrest when the facts and circumstances within the officer's knowledge, and of which he has reasonable trustworthy information, are sufficient to warrant a person of reasonable caution to believe that a particular person has committed or is committing an offense. *Id.*; *Randolph v. State*, 152 S.W.3d 764, 770 (Tex. App.—Dallas 2004, no pet.).

The standard for reviewing a trial court's ruling on a motion to suppress evidence is abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); *Freeman v. State*, 62 S.W.3d 883 (Tex. App.—Texarkana 2001, pet. ref'd). At a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We thus afford almost total deference to the trial court's determination of historical facts that the record supports, especially when the fact-findings are based on an evaluation of the witnesses' credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Freeman*, 62 S.W.3d at 886.

The evidence presented at the suppression hearing is viewed in the light most favorable to the trial court's ruling to determine whether the trial court abused its discretion in denying the motion to suppress. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

### 4.     Application of Law—Probable Cause to Arrest

Judged in that light, there is evidence that, on a rainy December night at 2:07 a.m., Cleveland admitted to the officer he had "been drinking."  In the officer's opinion, Cleveland was in an intoxicated state to the extent that it would have been dangerous for him to walk away.  He was then on a public highway in Kilgore and had no one locally available who could escort him to safety.  The officer based her conclusion of probable cause to arrest on Cleveland's slurred speech, bloodshot eyes, admission that he had been drinking alcohol and his location (now afoot) in a high crime area, with no one available to pick him up.  *Compare Warden v. State*, 895 S.W.2d 752 (Tex. App.—Texarkana 1994, pet. ref'd).  These facts and circumstances were sufficient to warrant a person of reasonable caution to believe that Cleveland had committed the offense of public intoxication.  The trial court did not abuse its discretion.  The contention of error is overruled.

We affirm the judgment.


Jack Carter
Carter


Date Submitted:     March 28, 2008
Date Decided:       April 9, 2008

Do Not Publish

5