Karl STEWART, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 63653, 63654.

Court of Criminal Appeals of Texas, Panel No. 2.

May 28, 1980.
Rehearing Denied Sept. 17, 1980.

Robin Collins, Nacogdoches, for appellant.

Herbert B. Hancock, Dist. Atty. and Martha J. Sullivan, Asst. Dist. Atty., Nacogdoches, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

These are appeals from revocations of probation for possession of marihuana. Punishment was assessed at five years.

Two police officers of the Nacogdoches Police Department testified that, at night, while on routine patrol through a residential neighborhood, they observed a van and an automobile parked at the end of a dead end street in front of a house then under construction. There were no other homes on the block.

As the police officers approached the van, they shined their spotlights into the van and saw four people inside. The policemen left their car and approached the van on foot. The man on the driver's side of the van got out. When he did so, the police smelled the odor of burning marihuana. The driver gave consent to search the van. The marihuana was in the van when this consent to search was given. Officer Russell Hayter stated that as he looked into the van he saw a red and white knapsack. After all four occupants were outside the van, Officer Hayter saw the knapsack again, this time underneath the van. When he opened it, he found several plastic bags of marihuana. The other occupants of the van testified that the marihuana belonged to Stewart.

Stewart contends that the police officers did not have sufficient articulable circumstances to justify an investigatory stop according to the standards of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See *Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App.1976). The officers did not stop Stewart. The van was already stopped. Stewart got out of the van without being requested to do so.

In *Terry v. Ohio*, supra, the Supreme Court held that the Fourth Amendment to the United States Constitution became applicable only when the individual is "seized", that is, whenever a police officer accuses an individual or restrains his freedom to walk away. See *Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr.App.1977).

The intrusion of an individual's expectation of privacy must be balanced against the promotion of a legitimate government interest in the continuing investigation of crime. See *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979); *United States v. Ramsey*, 431 U.S. 606, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977).

In the present case, there was no intrusion on Stewart's expectation of privacy. The police exercised no authority until after they had smelled the odor of burning marihuana. The driver of the van was not ordered out of the van; to the contrary, the record shows he got out of the van before the police officers got near the van. The mere approach of the police officer to the van interfered with no one's freedom of movement and caused minimal inconvenience and loss of time. There was no unconstitutional search or seizure. No abuse of discretion in revoking probation has been shown.

The judgments are affirmed.

ROBERTS and CLINTON, JJ., concur in the result.