Affirmed and Majority and Concurring Opinions filed May 3, 2005









Affirmed
and Majority and Concurring Opinions filed May 3, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00152-CR

____________

 

ALAN VANTLAN ROSE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 958,899

 



 

M A J O R I T Y   O P I N I O N

Appellant, Alan Vantlan Rose, was charged
by indictment with the felony offense of possession of a controlled
substance.  The trial court denied
appellant=s motion to suppress the evidence and
found appellant guilty.  Appellant
pleaded true to two enhancement paragraphs, and the trial court assessed
punishment at five years= confinement and a $2,500 fine.  In one point of error, appellant contends the
trial court erred by failing to suppress evidence seized as a result of his
illegal warrantless arrest.  We affirm.

 








BACKGROUND

On August 19, 2003, Harris County Sheriff=s Deputy John
Palermo was working a second job at the Maxicore building in Harris
County.  Due to the substantial amount of
criminal activity in the surrounding parking lots, Deputy Palermo=s primary duties
included patrolling the parking lot, approaching people who were sitting inside
their vehicles, and requesting they go inside the building or leave the parking
lot.  

During his patrol that day, Deputy Palermo
noticed appellant sitting alone in his car. 
Palermo walked towards the car to ask appellant not to Ahang out@ on the
property.  As Palermo approached
appellant=s vehicle, Palermo testified appellant
opened his door and stepped out. 
Appellant=s wife, Sharerria Rose, in a position to
see appellant in the vehicle, testified she saw Deputy Palermo approach the
vehicle and take appellant out by his shirt. 
Thereafter, Palermo immediately smelled an Aoverwhelming@ odor of marijuana
on appellant=s clothing and inside his vehicle.  Palermo patted appellant down, handcuffed
him, and searched his vehicle.  Palermo=s search revealed
a pack of cigarettes on the center console that contained four rocks of crack
cocaine.                      

STANDARD OF REVIEW








In his sole appellate point of error,
appellant contends the trial court erred when it denied his motion to suppress
the cocaine seized as a result of his illegal warrantless arrest.  Generally, a trial court=s ruling on a
motion to suppress evidence is reviewed by an abuse of discretion
standard.  Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999). 
There is an abuse of discretion when the ruling is so clearly wrong as
to be outside that zone within which reasonable persons might disagree.  Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992).  We afford almost
total deference to a trial court=s determination of
the historical facts the record supports, especially when the trial court=s fact findings
are based upon an evaluation of credibility and demeanor.  State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000).  We afford the same
amount of deference to the trial court=s ruling on mixed
questions of law and fact if the resolution of those questions turns on an
evaluation of credibility and demeanor.  Ross,
32 S.W.3d at 856.  However, we review de
novo the trial court=s application of the law to the historical
facts.  Carmouche, 10 S.W.3d at
327.  When the trial court does not make
findings of fact, we review the evidence in the light most favorable to the
trial court=s ruling. 
Id. at 327B28.       


DISCUSSION

At trial, appellant argued the contraband
should be suppressed because: (1) Deputy Palermo had no right to approach him
in the parking lot since he was not loitering;[1]
and (2)  Palermo=s physical removal
of appellant from his automobile was an illegal search, a contention based on
the testimony of Mrs. Rose.[2]  On appeal, however, appellant argues he was
illegally arrested because the odor of marijuana alone did not provide
sufficient probable cause for his warrantless arrest.  Appellant also argues the search of his
vehicle was in furtherance of his illegal arrest requiring suppression of the
evidence recovered.  








These arguments, presented for the first
time on appeal, are waived.  The issues
of probable cause to arrest and propriety of the search following the arrest
were never raised in the trial court below, and appellant may not raise these
issues for the first time on appeal as challenges to the trial court=s ruling on his
motion to suppress the evidence.  To
preserve error, a defendant=s trial objection
must comport with the issue raised on appeal. 
See Tex. R. App. P. 33.1(a);
Goff v. State, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); Banda v.
State, 890 S.W.2d 42, 62 (Tex. Crim. App. 1994); Nicholas v. State,
56 S.W.3d 760, 768 (Tex. App.CHouston [14th
Dist.] 2001 pet. ref=d). 
At the suppression hearing, the only issues raised were whether Deputy
Palermo had a right to approach appellant=s vehicle and
whether Palermo=s removal of appellant from that vehicle
constituted an improper search.  In this
court, however, appellant presents two new bases for excluding the evidence
recovered by Officer Palermo that are substantially different from those raised
in the trial court.  

It is well settled that a Court of Appeals
can affirm a trial court=s decision on a legal theory not presented
to the trial court without violating ordinary notions of procedural
default.  Hailey v. State, 87
S.W.3d 118, 121 (Tex. Crim. App. 2002). 
However, it violates ordinary notions of procedural default for a Court
of Appeals to reverse a trial court=s decision on a
legal theory not presented to the trial court by the complaining party.  Id. 
This rule is based on the notions that a trial court=s decision will
not be reversed on a theory the trial court did not have an opportunity to rule
upon and upon which the non-appealing party did not have an opportunity to
develop a complete factual record.  Id.  

Had appellant presented these new issues
to the trial court during the suppression hearing, the court would have been
able to apply the law to the issues, and the State would have had the
opportunity to develop a complete record on the issue of whether Officer
Palermo=s warrantless
arrest of appellant was based on probable cause.  Because those issues were not raised at
trial, we will not violate ordinary notions of procedural default, nor vitiate
the efforts of the trial court and the prosecution by ruling on issues that
were never presented during the proceedings below.  These issues are waived on appeal, and there
is nothing for this court to review. 
Accordingly, we overrule appellant=s sole point of
error that appellant=s arrest was illegal and evidence seized
as a result of that arrest should have been suppressed pursuant to Texas Code
of Criminal Procedure article 38.23.      

 

 








Because appellant=s issues have been
overruled, we affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed May 3, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson. (Anderson, J., concurring.) 

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Deputy Palermo did have a right to
approach appellant=s vehicle in the parking lot
whether he was loitering or not.  See
Stewart v. State, 603 S.W.2d 861, 862 (Tex. Crim. App. 1980) (finding
officers did not seize appellant when they approached him on foot because his
van was already stopped and appellant exited the van without being ordered to
do so); Merideth v. State, 603 S.W.2d 872, 873 (Tex. Crim. App. 1980)
(holding an investigatory detention does not occur when an officer approaches a
parked car in a public place).





[2]  Because the trial court did not
make any findings of fact, viewing the evidence in the light most favorable to
this ruling, we presume the trial court believed Deputy Palermo=s testimony that appellant exited
the vehicle as Palermo approached.  See
Ross, 32 S.W.3d at 856; Carmouche, 10 S.W.3d at 327.