COURT OF APPEALS

SECOND DISTRICT OF
TEXAS

FORT WORTH

 

NO. 2-04-063-CR

 

THE STATE OF
TEXAS                                                                STATE

 

                                                   V.

 

KATHERINE
MARIE CARTER                                                    APPELLEE

 

                                              ------------

 

        FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

The State appeals
the trial court=s grant of appellee Katherine Marie Carter=s motion to suppress. 
In nine points, the State contends that the trial court erred in
granting appellee's motion to suppress based on its misapplication of law to
the facts of Officer Petersen=s initial
encounter with appellee.  We affirm.








At approximately
2:00 a.m. on August 7, 2003, Officer Petersen, a member of the University of
Texas at Arlington Police Department, spotted a female vomiting out of the
passenger side of a vehicle that was stopped in a parking lot.  Because Officer Petersen wanted to determine
whether Athe passenger was okay and not in need of any type of
medical condition [sic],@ he pulled up behind the vehicle and turned on the
squad car=s spotlight. 
An officer trainee accompanied him. 
The other vehicle pulled forward about ten feet and then stopped.  At that point, Officer Petersen activated
the squad car=s strobe light Afor
safety reasons . . . so that we=re visible on
the street.@  He then
approached the passenger side of the vehicle to determine whether the vomiting
female needed medical assistance. 

After he determined
that the passenger was drunk and not in need of medical assistance, Officer
Petersen walked around to the driver=s
side of the vehicle Afor the purposes of ascertaining that the intoxicated
passenger had a safe ride home.@  Appellee was seated in the driver=s seat and the engine was running.  Officer Petersen observed that appellee had
bloodshot eyes and slurred speech and smelled of alcohol.  He then asked her to get out of the car and
perform three field sobriety tests, which she failed. 








Appellee was
charged with driving while intoxicated, and she filed a motion to suppress all
evidence.  At the hearing on appellee=s motion, defense counsel argued that Officer Petersen=s initial stop of appellee was unlawful because it was
not based on reasonable suspicion and did not satisfy the community care-taking
function.  The State argued that no
reasonable suspicion was required because Officer Petersen=s initial contact with appellee was not a detention
but a consensual encounter.  The trial
court granted appellee=s motion, concluding that the Astop@ was not
supported by the community care-taking doctrine or probable cause. 

We review a trial
court's ruling on a motion to suppress evidence under a bifurcated standard of
review.[2]  At a suppression hearing, the trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.[3]  Therefore, we give almost total deference to
the trial court's rulings on (1) questions of historical fact and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.[4]  However, we review de novo a trial court's
rulings on mixed questions of law and fact if they do not turn on the
credibility and demeanor of witnesses.[5]









The State contends
that the trial court improperly granted appellee's motion to suppress based
upon an erroneous legal conclusion that Officer Petersen=s initial contact with appellee was a Astop@ that required
Fourth Amendment justification.[6]  According to the State, Officer Petersen=s initial contact with appellee was, as a matter of
law, a police-citizen encounter, and his subsequent detention of appellee was
lawful because it was supported by reasonable suspicion.[7]








The Texas Court of
Criminal Appeals has recognized three categories of interactions between police
officers and citizens: encounters, investigative detentions, and arrests.[8]  Unlike investigative detentions and arrests,
which are seizures for  Fourth Amendment
purposes, an encounter is a consensual interaction, which the citizen is free
to terminate at any time.[9]  The dispositive question is whether the totality
of the circumstances shows that the police conduct at issue would have caused a
reasonable person to believe that she was free to decline the officer=s requests or otherwise terminate the encounter.[10]  If a reasonable person would feel free to
terminate the encounter, the police-citizen contact is merely a consensual
encounter and does not implicate the Fourth Amendment.[11]








The totality of the
circumstances in this case shows that Officer Petersen=s initial contact with appellee was not merely a
police-citizen encounter.  A police
officer mayCas Officer Petersen didCdrive up to a parked car and shine a spotlight on it without initiating
a seizure.[12]  But after appellee pulled forward ten feet
and stopped, Officer Petersen activated his patrol car=s overhead strobe lights, got out of the patrol car,
and approached appellee=s vehicle on footCall
while appellee remained in her car.  Although
the use of emergency lights does not automatically convert an encounter into a
seizure,[13] an
officer=s activation of red and blue overhead lights typically
indicates a detention.  In fact, a
person commits an offense if she operates a motor vehicle and wilfully flees or
attempts to elude a pursuing police vehicle when given a visual signalCsuch as an emergency lightCto bring the vehicle to a stop.[14]








Under the facts of
this case, we conclude that Officer Petersen=s
activation of his patrol car=s overhead
lightsCafter appellee, in response to the officer=s activation of his vehicle=s spotlight on her car, drove forward ten feet in the
parking lot of a closed business and stoppedCwould
have caused a reasonable person to believe that she was not free to terminate
the encounter but was instead required to stay in the parking lot.[15]  Therefore, we hold that Officer Petersen=s initial contact with appellee was not a consensual
encounter; instead, it was an investigative detention that required Fourth
Amendment justification.[16]  Accordingly, we overrule the State=s points.

Having overruled
the State=s points, we affirm the trial court=s order granting appellee=s motion to suppress.

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL A:   CAYCE,
C.J.; HOLMAN and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: October 20, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 





[3]State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000).





[4]Johnson v. State, 68 S.W.3d 644, 652‑53 (Tex. Crim. App. 2002).





[5]Id.





[6]Although the State also argues that the encounter did
not violate the Texas Constitution, the State briefs its state and federal
arguments together.





[7]Apart from arguing that Officer Petersen=s encounter with appellee was not a Astop@ to which
Fourth Amendment protections applied, the State does not challenge the trial
court=s conclusion that the community care-taking doctrine
was not satisfied under the facts of this case. 





[8]State v. Perez,
85 S.W.3d 817, 819 (Tex. Crim. App. 2002).





[9]See Gurrola
v. State, 877 S.W.2d 300, 302-03 (Tex. Crim. App. 1994). 





[10]Florida v. Bostick, 501 U.S. 429, 439-40, 111 S. Ct. 2382, 2389 (1991); State v.
Velasquez, 994 S.W.2d 676, 679 (Tex. Crim. App. 1999).





[11]See United
States v. Drayton, 536 U.S. 194, 201, 122 S. Ct. 2104, 2110 (2002);  Florida v. Royer, 460 U.S. 491,
497-98, 103 S. Ct. 1319, 1324 (1983); Velasquez, 994 S.W.2d at 679.  When police-citizen contact rises to the
level of a seizure, it must be supported by reasonable suspicion, probable
cause, or the community care-taking doctrine. 
Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002).





[12]See Stewart v. State, 603 S.W.2d 861, 862 (Tex. Crim. App. [Panel Op.] 1980).





[13]See Martin v. State, 104 S.W.3d 298, 302 (Tex. App.CEl
Paso 2003, no pet.).  Martin is
distinguishable from this case.  There,
the officer activated his emergency lights behind a vehicle with a smoking
tailpipe that was stopped in the middle of traffic near an intersection with a
green light and whose driver had voluntarily gotten out of the car and was
rummaging through the trunk.  See id.
at 299.  In contrast, in this case,
appellee was not on the street, but was in the parking lot of a closed
business, and she did not get out of her car until Officer Petersen told her
to.





[14]See Tex. Transp. Code Ann. ' 545.421(a)-(b) (Vernon 1999).





[15]See Drayton,
536 U.S. at 201, 122 S.Ct. at 2110; Velasquez, 994 S.W.2d at 679.  Officer Petersen=s stated belief that appellee was free to leave
despite his activation of his overhead lights Afor safety@ was not communicated to appellee and therefore is not
a relevant factor in determining whether appellee was detained.  See Russell v. State, 717 S.W.2d 7,
11 (Tex. Crim. App. 1986); Martin, 104 S.W.3d at 300 (both stating that
officer=s unarticulated intent to detain person is irrelevant
in determining whether person was detained).





[16]See Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); Corbin, 85 S.W.3d
at 276.  Borrego v. State, on
which the State relies, is inapposite. 
In that case, the police officer pulled up behind a car stopped in a Abar ditch@ by
the shoulder of a road, and the driver stepped out of his car as the police
officer was getting out of his patrol car. 
See No. 03-01-00235-CR, 2002 WL 245960, at *1-2 (Tex. App.CAustin Feb. 22, 2002, no pet.). Likewise, the State=s reliance on other cases in which police officers
approached individuals to question them is misplaced because those cases did
not involve the activation of a patrol car=s
overhead lights under the circumstances present here.