NUMBER 13-04-497-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DORIS NEAL, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 On October 11, 1999, appellant, Doris Neal, pleaded guilty to possession of cocaine
and was sentenced to ten years in prison, probated for seven years. On August 25, 2004,
the trial court revoked probation after finding that appellant violated conditions of her
probation. The court then sentenced appellant to ten years' imprisonment and a $750 fine. 
In her sole point of error, appellant contends that the trial court erred in denying her motion
to suppress evidence because it was the product of an illegal search and seizure. We
affirm.

Background

 At appellant's revocation hearing, the State proffered the following testimony from
officers Jerry Neal and Billy Browning of the Corpus Christi Police Department. On March
8, 2004, officers Neal and Browning were on patrol together when they received a call
reporting shots fired in the area of Kennedy and Nueces. The dispatcher advised the
officers to be on the lookout for a vehicle that was "a dark colored four-door, possibly a
Ford Contour." When the officers arrived at Kennedy and Nueces, they observed a gray,
four-door Contour that was parked and occupied by two individuals. The officers then
parked their vehicle behind the Contour. Officer Neal testified that their patrol vehicle's
emergency lights were not turned on.

 The officers stepped out of their vehicle and proceeded to walk toward the Contour. 
As the officers were walking, the driver of the Contour quickly exited and approached them. 
According to Officer Neal, the driver, Cedric Hall, smelled of marijuana. While talking with
Hall, Officer Neal noticed that appellant, the Contour's other occupant, was reaching into
the area underneath the driver's seat while seated in the front passenger seat. Officer
Neal advised Officer Browning that appellant could be reaching for a weapon. When
Officer Browning approached the passenger door to investigate, he observed cocaine
sitting between appellant and the driver's seat. Officer Browning then instructed appellant
to exit the vehicle and she was subsequently arrested.

 At the revocation hearing, the State asserted that appellant's March 8 arrest for
possession of a controlled substance evidenced a violation of the conditions of her
probation. At the close of the State's case-in-chief, appellant requested the trial court to
suppress all of the evidence found in the course of appellant's March 8 arrest. Appellant
asserted, as she does now on appeal, that officers Neal and Browning stopped and
detained her without reasonable suspicion or probable cause. The trial court denied
appellant's request.

Applicable Law

 We review a trial court's ruling on a motion to suppress evidence for an abuse of
discretion. (1) We will not overturn the trial court's ruling unless its decision was outside the
zone of reasonable disagreement. (2) We afford almost total deference to a trial court's
determination of the historical facts that the record supports, especially when the trial
court's fact findings are based upon an evaluation of credibility and demeanor. (3) We afford
the same amount of deference to the trial court's rulings on mixed questions of law and
fact, if the resolution of those questions turns on an evaluation of credibility and
demeanor. (4) We review de novo the trial court's application of law to those facts in the
determination of reasonable suspicion and probable cause. (5) We will uphold the trial court's
ruling if it is correct on any theory of the law applicable to the case, even if the trial court
gave the wrong reason for its ruling. (6)

 The "plain view" doctrine is not really an "exception" to the warrant requirement
because the seizure of property in plain view involves no invasion of privacy and is
presumptively reasonable. (7) If an article is in plain view, neither its observation nor its
seizure would involve any invasion of privacy. (8) The criteria that guide a "plain view"
analysis are: (1) law enforcement officials have a right to be where they are, and (2) it
must be immediately apparent that the item seized constitutes evidence, that is, there is
probable cause to associate the item with criminal activity. (9) In determining whether the
officer had a right to be where he was, the Supreme Court requires that "the officer did not
violate the Fourth Amendment in arriving at the place from which the evidence could be
plainly viewed." (10)

 The Texas Court of Criminal Appeals has recognized three categories of
interactions between police officers and citizens: encounters, investigative detentions, and
arrests. (11) Unlike investigative detentions and arrests, which are seizures for Fourth
Amendment purposes, an encounter is a consensual interaction, which the citizen is free
to terminate at any time. (12) The dispositive question is whether the totality of the
circumstances shows that the police conduct at issue would have caused a reasonable
person to believe that she was free to decline the officer's requests or otherwise terminate
the encounter. (13) If a reasonable person would feel free to terminate the encounter, the
police-citizen contact is merely a consensual encounter and does not implicate the Fourth
Amendment. (14)

Discussion

 The totality of the circumstances in this case shows that the officers' initial encounter
with appellant and the driver, Cedric Hall, was simply a police-citizen encounter. A police
officer may drive up to a parked car without initiating a seizure. (15) Furthermore, we take
particular note of the following testimony from officers Neal and Browning: (1) the patrol
vehicle's emergency lights were not turned on; (2) the officers did not "stop" Hall or the
appellant since they were already parked; and (3) Hall was not ordered out of the vehicle,
but rather exited on his own volition. In light of these facts, there was no unconstitutional
search and seizure at any point leading up to the officers' initial contact with Hall. (16)

 Officer Browning did not infringe upon appellant's Fourth Amendment rights by
walking toward the vehicle's passenger door. Furthermore, he testified that, while standing
outside, he saw cocaine inside the vehicle. Based on the above factual findings, the trial
court could rightfully conclude that because Officer Browning observed the cocaine in plain
view and realized it was evidence of a violation of the state's controlled substances law,
the officer was entitled to seize the evidence. Incident to appellant's arrest, the officers
were entitled to search the entire vehicle, including containers, without a warrant. (17) 
Accordingly, we find that the trial court properly denied appellant's motion to suppress.

Conclusion

 We overrule appellant's sole point and affirm the trial court's judgment.

 




 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 22nd day of March, 2007. 

 
1. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Oles v. State, 993 S.W.2d 103,
106 (Tex. Crim. App. 1999).
2. Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001).
3. Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003); State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000).
4. Carmouche, 10 S.W.3d at 327; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
5. Carmouche, 10 S.W.3d at 327; Guzman, 955 S.W.2d at 89.
6. Laney, 117 S.W.3d at 857 (citing Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).
7. Walter v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).
8. Id.
9. Id.
10. Id. (quoting Horton v. California, 496 U.S. 128, 136 (1990)).
11. State v. Perez, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002).
12. See Gurrola v. State, 877 S.W.2d 300, 302-03 (Tex. Crim. App. 1994).
13. Florida v. Bostick, 501 U.S. 429, 439-40 (1991); State v. Velasquez, 994 S.W.2d 676, 679 (Tex.
Crim. App. 1999). 
14. See United States v. Drayton, 536 U.S. 194, 201 (2002); Florida v. Royer, 460 U.S. 491, 497-98
(1983); Velasquez, 994 S.W.2d at 679. When police-citizen contact rises to the level of a seizure, it must be
supported by reasonable suspicion, probable cause, or the community care-taking doctrine. Corbin v. State,
85 S.W.3d 272, 276 (Tex. Crim. App. 2002).
15. See Stewart v. State, 603 S.W.2d 861, 862 (Tex. Crim. App. [Panel Op.] 1980).
16. See id.
17. See Wyoming v. Houghton, 526 U.S. 295, 299-300 (1999); State v. Gray, 158 S.W.3d 465, 470
(Tex. Crim. App. 2005).